YELVERTON, Judge.
Defendant, Lloyd Lachney, pleaded guilty to possession of stolen things [LSA-R.S. 14:69(B)(2) ] amended from simple burglary. His guilty plea was entered with the reservation of the right to appeal an earlier adverse ruling on a motion to suppress evidence. This appeal presents for our review the single issue of whether the trial court’s denial of the motion to suppress was correct. Appellant contends that the affidavit supporting the search warrant failed to recite facts establishing probable cause for its issuance.
On June 18,1980, a district judge issued a search warrant for the search of unit # 53 of the Southwood Mini-Storage Warehouse in Alexandria, Louisiana. The execution of the search warrant resulted in the seizure of stolen goods. This is the evidence sought to be suppressed.
The affidavit supporting the warrant was made by a deputy sheriff and recites in essence the following facts: At approximately 11:40 A.M. on June 17, 1980, Mrs. Opel Giles reported to the Rapides Parish Sheriff’s Office that a burglary had occurred at 23 Glen Parkway, Cotile Lake in Rapides Parish. She stated that she had closed and locked the house at 7:00 P.M. on June 16, 1980. Earlier that same morning at approximately 9:15 A.M. the affiant, Deputy William Hilton, had observed a large multi-wheeled, silver, white and orange “U-Haul” truck parked directly in front of that house. After the complaint was received he went to the scene and noticed fresh damage to a portion of the roof and its faceboard. The faceboard was painted green. Orange paint was observed on the damaged portion of the roof. The areas corresponded with the area in which Deputy Hilton had first observed the U-Haul truck. Mrs. Giles’ description of the property taken indicated that the items could only have been moved via a large truck. At 3:00 P.M. June 17 Deputy Hilton located the truck at the U-Haul office and identified it by its size, color, name and damaged condition. He observed that the particular damage on the truck corresponded with the damage to the burglarized house. Paint scrapings the same color as the truck were found on the damaged portion of the house. Paint the color of the damaged portion of the house was found on the truck. Deputy Hilton had obtained a copy of the truck rental contract which he attached to his affidavit. The truck had been rented by Lloyd Lachney at 6:30 P.M. on June 16,1980. The U-Haul dealer stated that Lloyd Lachney returned the truck on June 17 and was picked up by one Lowell W. Connella [a co-defendant in this case].
Deputy Hilton determined from Marie Lachney that Lloyd Lachney lived with Connella at the Alexandria Apartments. On June 17 the manager of those apartments told him that the truck had been parked the night before in front of the unit occupied by Lachney and Connella.
Later on the 17th Connella told Hilton that he had been with Lachney when Lach-ney returned the U-Haul truck. Connella said he would have Lachney contact Hilton. Lachney did not contact Hilton. On June *647 18 Deputy Hilton obtained and executed an arrest warrant for Lachney charging him with the burglary of the residence at Cotile Lake. Lachney was arrested at Connella’s fire gutted home which the two were in the process of repairing.
Deputy Hilton then recited in his affidavit that, based on his experience as a veteran police officer, he knew that burglars used self-contained storage units as a place of safe-keeping for stolen property. He began contacting self-storage warehouse businesses and was informed by Gerald Taylor of Southwood Mini-Storage in Alexandria that Connella had rented Unit 53 on June 17. Later on June 18 Deputy Hilton requested a consent to search from Connella which was refused.
It was on the basis of the above recited facts and circumstances, all of which were contained within the four corners of the affidavit, that the magistrate issued the warrant.
Article 1, Section 5 of the Louisiana Constitution of 1974 requires that warrants to search or seize shall only be issued where there exists probable cause supported by an oath or affirmation. Conformably, La.C. Cr.P. art. 162 provides that a search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant.
Probable cause exists when the facts and circumstances within the affiant’s knowledge, and of which he has reasonably trustworthy information, are sufficient unto themselves to warrant a person of reasonable caution to believe that an offense has been committed. State v. Bruno, 427 So.2d 1174 (La.1983). The factual information which is the foundation for the determination of probable cause must be contained in the affidavit. State v. Flood, 301 So.2d 637 (La.1974), cert. denied, 421 U.S. 916, 95 S.Ct. 1577, 43 L.Ed.2d 782 (1975). All that is required is that the affidavit, interpreted in a common sense and realistic manner, contain information which would warrant a person of reasonable caution to believe that the articles sought are located at the place to be searched. State v. Mena, 399 So.2d 149 (La.1981). Whether the affidavit establishes probable cause depends upon the facts and circumstances of each case. State v. Bruno, 427 So.2d 1174 (La.1983). The determination by a magistrate that an affidavit establishes probable cause should be paid great deference by reviewing courts. State v. Sierra, 338 So.2d 609 (La.1976).
Applying these principles, we find that the facts contained in the affidavit constitute an abundant showing of probable cause to believe that the stolen property would be found in Connella’s rented warehouse. The results of Deputy Hilton’s thorough police work were just as thoroughly reported in his affidavit. Interpreted in a common sense and realistic manner, the affidavit presents a scenario which in summary suggests that Lachney rented the U-Haul, kept it overnight at the apartment he shared with Connella, participated in the burglary and theft of household goods the next day, and stored the stolen property in a mini-storage unit rented by Connella before he and Connella returned the U-Haul to its owner. These facts and circumstances were sufficient to warrant a person of reasonable caution to believe that the property stolen would be found in the storage unit described in the warrant.
The ruling of the trial court denying appellant’s motion to suppress is affirmed.
AFFIRMED.